United States District Court
Southern District of Texas
**ENTERED**
April 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DA-NA ALLEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00075 |
| | § | |
| BRYAN COLLIER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Da-Na Allen is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On March 13, 2023, Allen filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241,[1] claiming that he is not in custody pursuant to a state judgment and that the TDCJ is violating his due process rights by keeping him in custody. (D.E. 1). Allen contends that he is entitled to release on mandatory supervision. For the reasons discussed further below, it is recommended that Allen's petition be construed as a 28 U.S.C. § 2254 petition and be

---

[1] As an initial matter, Allen's petition should be construed as one under 28 U.S.C. § 2254 because he is a state prisoner who, despite his creative framing of the issue, is ultimately challenging the length of his sentence. While Allen frames his claim as arguing that he is not in custody pursuant to a state judgment, his petition instead attacks the constitutionality of the Texas mandatory supervision statute and how it applies to his ongoing 38-year sentence, which he is serving pursuant to a state judgment. (*See* D.E. 1 at 1-5). Further, although the Fifth Circuit has not addressed the issue, several circuits have concluded that any § 2241 petition filed by a state prisoner is necessarily also subject to § 2254. *See, e.g, Thomas v. Crosby*, 371 F.3d 782, 785-86 (11th Cir. 2004); *Allen v. White*, 185 F. App'x 487, 489-90 (6th Cir. 2006).

dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[2] because it is plain from the petition and attached memorandum that Allen is not entitled to relief.

## I.   DISCUSSION

In his petition, Allen contends that, liberally construed, he is entitled to release under the Texas mandatory supervision program and, therefore, he is not being held pursuant to a state judgment.  (D.E. 1 at 1-5).  He states that he was convicted of murder in 2007 and sentenced to 38 years' imprisonment.  (*Id.* at 2).[3]  Allen argues that his combined flat-time and good-conduct-time equals over 39 years, which means that he should have already been released to mandatory supervision.  (*Id.* at 2, 4-5).  He also argues that the mandatory supervision statute is an *ex post facto* law that extended his sentence to longer than 38 years after he was convicted.  (*Id.* at 3).

Allen's argument is founded on an incorrect understanding of Texas mandatory supervision law.  First, as to general parole, states have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence.  *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

---

[2] Regardless of whether Allen's petition is construed as a § 2254 petition, the Rules Governing Section 2254 Cases may also be applied to a § 2241 petition.  Rule 1(b).  A court may dismiss a petition before service under the screening provisions of Rule 4.  *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

[3] This is confirmed by TDCJ's online offender records, which can be found by searching for an offender's name. *See* https://offender.tdcj.texas.gov/OffenderSearch.

There is no constitutional expectation of parole in Texas.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Thus, the Texas parole statutes do not confer a liberty interest protected by due process.  *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).  This is important background because Allen has no constitutional expectation of parole and no constitutionally protected liberty interest in obtaining parole, so he must rely on his eligibility for mandatory supervision in order to raise this type of claim in a federal habeas petition.

In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing Tex. Code Crim. P. art. 42.18 § 2(2)).[4]  Prisoners earn good time credits that are added to their actual days served in prison to calculate their release date.  Tex. Gov't Code § 508.147(a).  The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time.  *Malchi*, 211 F.3d at 957-958.[5]  However, prisoners who commit certain offenses are excluded from eligibility for mandatory

---

[4] Currently located at Tex. Gov't Code § 508.001(5).

[5] The Fifth Circuit's holding applied to a previous version of the Texas mandatory supervision program, which has since been amended.  *See Malchi*, 211 F.3d at 958.  The Fifth Circuit has concluded that prisoners have a protected liberty interest under the amended version as well.  *Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007).

supervision. *See* Tex. Gov't Code § 508.149(a) (listing offenses that render an inmate ineligible for release to mandatory supervision). Murder, in violation of Tex. Penal Code § 19.02, is an excluded offense. *Id.* § 508.149(a)(2). "The statute in effect when the holding offense is committed determines an inmate's eligibility for release on mandatory supervision or parole." *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005). All relevant provisions of the mandatory supervision statute remain the same as when Allen committed the offense in February 2006.

Because Allen was convicted of murder, he is ineligible for mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(2). Allen's primary argument against his ineligibility is that the program is an *ex post facto* law that imposes a greater punishment than applied at the time of the commission of the offense, but that is not the case. As Allen acknowledges, the state court sentenced him to 38 years' imprisonment. (D.E. 1 at 2). That is the length his sentence remains, and the online TDCJ records reflect this. Moreover, the relevant mandatory supervision provisions in effect at the time Allen committed the offense remain the same today, meaning that his ineligibility for mandatory supervision also has not changed. Finally, liberally construed, Allen also asserts that, in order to be ineligible for mandatory supervision, he must meet both Texas Government Code § 508.149(a)(1) and (2). However, this is not the case. Section 508.149(a)(1) is an independent ground under which someone may be ineligible for mandatory supervision.

Because Allen is not entitled to mandatory supervision under Texas law, he does not have a liberty interest in being released and does not have a federal constitutional claim cognizable under § 2241. *See* 28 U.S.C. § 2241(c)(3).

## II.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Allen has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

Here, because reasonable jurists would not find it debatable that Allen failed to state a claim for a violation of a constitutional right, it is recommended that a COA be denied.

## III.  RECOMMENDATION

Accordingly, it is recommended that Allen's petition be construed as a 28 U.S.C. § 2254 petition and **DISMISSED** pursuant to the screening provisions in Rule 4 of the

Rules Governing Section 2254 Cases. It is plain from the petition and attached memorandum that Allen is not entitled to relief. It is further recommended that a Certificate of Appealability be **DENIED**.

Respectfully submitted on April 18, 2023.

Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).